**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4588**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SAMUEL MANNING,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Jerome B. Friedman,
Senior District Judge.   (4:07-cr-00081-JBF-DEM-2)

Submitted:  January 9, 2012          Decided:  January 20, 2012

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jon M. Babineau, RIDDICK BABINEAU, PC, Norfolk, Virginia, for
Appellant.   Neil H. MacBride, United States Attorney, Eric M.
Hurt, Brian J. Samuels, Assistant United States Attorneys,
Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Samuel Manning of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count 1), use of a firearm in relation to a drug trafficking crime causing the death of another, in violation of 18 U.S.C. § 924(c), (j) (2006) (Count 2), and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). Manning appeals, challenging the district court's denial of his motion to dismiss the superseding indictment and his Fed. R. Crim. P. 29 motion for a judgment of acquittal. We affirm.

First, Manning contends that the district court erred in declining to dismiss the superseding indictment as violative of the immunity provision contained in Manning's plea agreement with the Government in a prior criminal proceeding. Normally, we "review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009) (internal quotation marks omitted). A review of Manning's brief, however, reveals that the only arguments he raises in support of this claim reiterate those we considered and found meritless in Manning's previous interlocutory appeal to this

2

court.  United States v. Manning, No. 08-16, 2010 WL 236722 (4th Cir. Jan. 21, 2010) (per curiam).

The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993); see also Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007).  Pursuant to this rule,

> once the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

United States v. Lentz, 524 F.3d 501, 528 (4th Cir. 2008) (internal quotation marks and emphasis omitted).

Here, we have already endorsed the district court's determination that, based on the factors described in United States v. Ragins, 840 F.2d 1184, 1188-89 (4th Cir. 1988), Manning was involved in two independent conspiracies to distribute narcotics.  Nonetheless, Manning, without offering any specific reason to question our previous determination, bases his arguments on appeal on his continuing contention that, under Ragins, the subject conspiracies were one and the same. We find that Manning's claims, based as they are on assignments

3

of error and arguments that this court has previously rejected, are without merit.

Next, Manning submits that the district court erred in denying his Rule 29 motion. Although we generally review de novo the district court's denial of a Rule 29 motion, United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), cert. denied, 131 S. Ct. 271, 340 (2010), Manning's motion before the district court failed to raise any of the issues or arguments he now offers on appeal. Accordingly, we review for plain error. United States v. Wallace, 515 F.3d 327, 332 (4th Cir. 2008).

"[T]o satisfy the plain error standard, [an appellant] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Manning satisfies these requirements, correction of the error lies within our discretion, if we conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

When reviewing the sufficiency of the evidence, this Court must sustain the jury's verdict if, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Green, 599 F.3d at 367

4

(internal quotation marks omitted). In making this determination, we review the record to determine whether the conviction is supported by "substantial evidence," where "substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Hickman, 626 F.3d 756, 763 (4th Cir), cert. denied, 132 S. Ct. 469 (2011).

Additionally, in evaluating the sufficiency of the evidence, we "do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Consequently, Manning's arguments, to the extent that they rely on the alleged bias or ulterior motives of certain witnesses, have no bearing on our analysis.

First, we find that Manning's claimed withdrawal from the conspiracy supporting Counts 1, 2, and 3 lacks evidentiary support. Once it has been established that a defendant has participated in a conspiracy, the defendant's membership in that conspiracy is presumed to continue until he withdraws from it by affirmative action. Green, 599 F.3d at 369-70. Withdrawal from a conspiracy "requires the defendant to take affirmative actions inconsistent with the object of the conspiracy and communicate

5

his intent to withdraw in a manner likely to reach his accomplices." United States v. Cardwell, 433 F.3d 378, 391 (4th Cir. 2005). Although the evidence indicated that Manning had a violent dispute with his co-conspirator and that they ceased associating with each other following this disagreement, such conduct does not, as a matter of law, rise to the level of affirmative withdrawal from a conspiracy. Cf. Green, 599 F.3d at 370. Accordingly, the district court did not err in failing sua sponte to enter a judgment of acquittal based on Manning's withdrawal from the subject conspiracy.

Turning to Manning's claims regarding the sufficiency of the evidence supporting his conviction for Counts 2 and 3, we find that the evidence was more than sufficient to establish that Manning perpetrated the shooting that formed the basis for these counts, and that Manning committed the shooting "in relation to" the predicate drug trafficking crime. 18 U.S.C. § 924(c)(1), (j).

Numerous eyewitnesses offered substantially similar accounts of the shooting in question; the majority of them unequivocally implicated Manning as the shooter. Another witness testified that Manning admitted his involvement in the shooting several days after it occurred. Furthermore, forensic evidence tied the bullets and cartridge casings recovered from

the crime scene to a firearm that several witnesses testified to having seen Manning possess immediately after the shooting.

In addition, the evidence indicated that Manning's motivation for the shooting was to retaliate against one of the victims, an individual with whom Manning's arrangement to distribute crack cocaine formed the basis of Count 1. Multiple witnesses testified that Manning had expressed a desire to harm this man after he shot at Manning during a prior altercation over a disputed drug debt. Because we have previously found that this precise type of drug-related, retaliatory violence may satisfy the elements of 18 U.S.C. § 924(c), we find that Manning's convictions on Counts 2 and 3 were not plainly erroneous. United States v. Camps, 32 F.3d 102, 105-06 (4th Cir. 1994).

Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED